Martin F. Casey
**CASEY & BARNETT, LLC**
41 Madison Avenue, Ste 2528
New York, New York 10010
(212) 286-0225
mfc@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o OLD NAVY LLC, a/s/o
THE GAP, INC., a/s/o BANANA REPUBLIC LLC,
and a/s/o E S SUTTON, INC.

        14 Civ. 7451 (RJS)

      Plaintiff,

      **AMENDED COMPLAINT**

  - against –

M/V SUEZ CANAL BRIDGE, her engines, tackle,
boilers, etc. *in rem*; SEA QUEST SHIP
MANAGEMENT LTD.; VIRGO CARRIERS CORP.
S.A.; YANG MING MARINE TRANSPORT CORP.;
and HANJIN SHIPPING CO. LTD., *in personam.*

      Defendants.
------------------------------------------------------------------X

      Plaintiff, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o OLD NAVY, LLC; a/s/o THE GAP, INC.; a/s/o BANANA REPUBLIC LLC, and a/s/o E S SUTTON, INC. by and through its attorneys, Casey & Barnett LLC, as and for it's Amended Complaint, alleges upon information and belief as follows:

## JURISDICTION

      1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

## PARTIES

2.At all material times, INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (hereinafter "IINA" or "Plaintiff") was and is a corporation with an office and place of business located at 1133 Avenue of the Americas, New York, New York 10036, and is the subrogated underwriter of two consignments of Agricultural Balers laden on board the M/V COSCO NAGOYA, as more specifically described below.

3.At all material times, OLD NAVY LLC, (hereinafter "Old Navy" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 2 Folsom Street, San Francisco, CA 94105 and was the owner/consignee of a consignment of Apparel laden on board the M/V SUEZ CANAL BRIDGE, as more specifically described below.

4.At all material times, THE GAP, INC., (hereinafter "The Gap" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 2 Folsom Street, San Francisco, CA 94105 and was the owner/consignee of a consignment of Apparel laden on board the M/V SUEZ CANAL BRIDGE, as more specifically described below.

5.At all material times, BANANA REPUBLIC LLC, (hereinafter "Banana Republic" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 2 Folsom Street, San Francisco, CA 94105 and was the owner/consignee of a consignment of Apparel laden on board the M/V SUEZ CANAL BRIDGE, as more specifically described below.

6. At all material times, E S SUTTON, INC., (hereinafter "Sutton" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 115 Kennedy Drive, Sayreville, New Jersey 08872 and was the owner/consignee of a consignment of Apparel laden on board the M/V SUEZ CANAL BRIDGE, as more specifically described below.

7. At all material times, defendant M/V SUEZ CANAL BRIDGE (hereinafter "the vessel") is an ocean going container ship owned and operated by defendants, as more specifically described below, that carried containerized cargo which is the subject matter of this lawsuit, from Germany to the United States.

8. At all material times, defendant VIRGO CARRIERS CORP S.A. (hereinafter "Virgo") was and is a corporation with an office and place of business located c/o Sea Quest Ship Management Inc., Room 3B, St. Jude Bldg., 1020 General Malver Street, Makate, Manila, Philippines, was and is the owner and/or operator and/or manager of the M/V SUEZ CANAL BRIDGE and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

9. At all material times, defendant SEA QUEST SHIP MANAGEMENT INC. (hereinafter "Sea Quest") was and is a corporation with an office and place of business located at Room 3B, St. Jude Bldg., 1020 General Malver Street, Makate, Manila, Philippines, was and is the owner and/or operator and/or manager of the M/V SUEZ CANAL BRIDGE and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court.

10. At all material times, defendant, YANG MING MARINE TRANSPORT CORP. (hereinafter "Yang Ming") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at Newport Office Tower, 525

Washington Blvd. 25th Floor, Jersey City, NJ 07310, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

11.  At all material times, defendant, HANJIN SHIPPING CO., LTD. (hereinafter "Hanjin") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 4300 North Point Parkway, Ste 103, Alpharetta, GA 30022 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

12.  Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

13.  Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 12, inclusive, as if herein set forth at length.

14.  In December 2013, a consignment consisting of 1,021 cartons Apparel, consigned to Old Navy LLC and laden in container number DFSU 6762943, then being in good order and condition, was delivered to the M/V SUEZ CANAL BRIDGE and to Yang Ming and/or their agents in Yantian, China in consideration of an agreed upon freight, pursuant to Yang Ming bills of lading numbers YMLUE300362657, YMLUE300362658, YMLUE300362659, YMLU300362660, YMLU300362661, YMLUE300362662 each dated December 29, 2013, for transportation to Fishkill, New York via New York, New York.

15.  In December 2013, a consignment consisting of 498 cartons Apparel consigned to Old Navy LLC; 612 cartons Apparel consigned to The Gap; and 43 cartons Apparel consigned to

Banana Republic, all laden in container number CAIU 8743154, then being in good order and condition, was delivered to the M/V SUEZ CANAL BRIDGE and to Hanjin and/or their agents in Hochiminh City, Vietnam in consideration of an agreed upon freight, pursuant to Hanjin bills of lading numbers HJSCSGN336915400, HJSCSGN336915401, HJSCSGN336915402, HJSCSGN336915403, HJSCSGN336915404 and HJSCSGN336915405 each dated December 30, 2013, for transportation to Fishkill, New York via New York, New York.

16. In December 2013, a consignment consisting of 2,340 cartons Apparel consigned to Sutton; laden in container number DRYU 9657112, then being in good order and condition, was delivered to the M/V SUEZ CANAL BRIDGE and to Hanjin and/or their agents in Chittagong, Bangladesh in consideration of an agreed upon freight, pursuant to Hanjin bill of lading number HJSCDAC310077300 dated December 27, 2013, for transportation to New York, New York. Thereafter, the aforementioned consignment was loaded aboard the M/V SUEZ CANAL BRIDGE and the vessel sailed for its intended destination.

17. On or about January 23, 2014, while the vessel was enroute to the United States and in the Atlantic Ocean, the vessel encountered severe weather conditions, which resulted in the loss of a number of containers overboard, including the aforementioned container laden with plaintiff's cargo.

18. As a result of the foregoing, Old Navy suffered a loss of its cargo valued at $493,740.62 that was laden in container DFSU 6762943.

19. As a result of the foregoing, Old Navy, The Gap and Banana Republic suffered a loss of its cargo valued at $1,208,106.10 that was laden in container CAIU 8743154.

20. As a result of the foregoing, Sutton suffered a loss of its cargo valued at $118,881.36 that was laden in container DRYU 9657112.

21. The loss sustained by Plaintiff was not the result of any act or omission of the Plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the Defendants and/or its agents and/or the unseaworthiness of the M/V SUEZ CANAL BRIDGE.

22. At all times relevant hereto, a contract of insurance for property damage was in effect between Old Navy, The Gap Banana Republic and Sutton with IINA, which provided coverage for, among other things, loss or damage to the subject consignment.

23. Pursuant to the aforementioned contract of insurance between Old Navy, The Gap, Banana Republic, Sutton and IINA, monies have been expended on behalf of Old Navy, The Gap, Banana Republic and Sutton to the detriment of IINA due to the damages sustained during this transit.

24. As IINA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendants, IINA has an equitable right of subrogation and is subrogated, to the extent of the expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

25. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than (a) $493,740.62 for the cargo laden in container DFSU 6762943; $1,208,106.10 that was laden in container CAIU 8743154; and $118,881.36 that was laden in container DRYU 9657112 for a total loss of $1,820,728.08.

## AS AND FOR A SECOND CAUSE OF ACTION

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 18, inclusive, as if herein set forth at length.

27. At the time of the aforementioned non-delivery to the shipment occurred, defendants together with the entities they hired to act on their behalf, wee acting as bailees of the shipment and in their own capacity, or through their contractors, agents, servants, or sub-bailees, had a duty to safely and properly keep, care for and deliver the shipment in the same good order and condition as when entrusted to them. Defendants also had a duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

28. Defendants breached their duties and obligations as bailees by failing to deliver said shipment.

29. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $1,820,728.08.

## AS AND FOR A THIRD CAUSE OF ACTION

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 26, inclusive, as if herein set forth at length.

31. As the owners, operators, charterers and /or managers of the M/V SUEZ CANAL BRIDGE, defendants were responsible for properly manning, maintaining and repairing the vessel and for otherwise exercising due diligence to ensure that the vessel was seaworthy and fit to carry cargoes that were delivered to and loaded on board the M/V SUEZ CANAL BRIDGE during winter North Atlantic voyages.

32. The losses sustained by plaintiff were caused, in whole or in part, by the negligence and fault of defendants, and /or their agents, representatives and independent

contractors for whose acts and omissions it was responsible, including but not limited to, their failure to maintain the M/V SUEZ CANAL BRIDGE in a seaworthy condition.

33. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $1,820,728.08.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages in the amount of at least $1,820,728.08, together with interests, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       November 10, 2014
       437-01

                              **CASEY & BARNETT, LLC**
                              Attorneys for Plaintiff

By: _Martin F. Casey_
     Martin F. Casey
     41 Madison Avenue, Ste 2528
     New York, New York 10010
     (212) 286-0225

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *Amended Complaint* has been forwarded to all parties or counsel of record via regular US mail or email on this 10th day of November, 2014 as follows:

Randolph H. Donatelli, Esq.
CHICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR
Attorneys for Defendant, Hanjin Shipping Co.
61 Broadway, Suite 3000
New York, NY 10006
E-mail: RDonatelli@cckvt.com

Christopher H. Dillon, Esq.
Burke & Parsons
Attorneys for Defendant, Yang Ming Marine Transport Corp.
100 Park Avenue, 30th Floor
New York, New York 10017-5533
E-Mail: Dillon@burkeparsons.com

Sea Quest Ship Management Inc.
Room 3B, St. Judge Bldg
1020 General Malver Street
Makate, Manila, Philippines

Virgo Carriers Corp. S.A.
c/o Sea Quest Ship Management Inc.
Room 3B, St. Judge Bldg
1020 General Malver Street
Makate, Manila, Philippines

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: //Martin F. Casey
Martin F. Casey
41 Madison Avenue, Suite 2528
New York, New York 10010
(212) 286-0225