9936/RHD
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000, New York, New York 10006-2802
(212)344-7042
Attorneys for Defendant Hanjin Shipping Co. Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INDEMNITY INSURANCE COMPANY OF NORTH AMERICA a/s/o OLD NAVY LLC, a/s/o THE GAP, INC., a/s/o BANANA REPUBLIC LLC, and a/s/o E S SUTTON, INC.,<br><br>Plaintiff,<br><br>- against -<br><br>M/V SUEZ CANAL BRIDGE, her engines, tackle, boilers, etc., in rem; SEA QUEST SHIP MANAGEMENT LTD.; VIRGO CARRIERS CORP. S.A.; YANG MING LINE MARINE TRANSPORT CORP.; and HANJIN SHIPPING CO. LTD., in personam,<br><br>Defendants. | 14 Civ. 7451 (RJS)<br><br>**ANSWER TO AMENDED COMPLAINT** |

Defendant Hanjin Shipping Co. Ltd. ("Hanjin") by its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, for its answer to the amended complaint, alleges upon information and belief as follows:

## JURISDICTION

1.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1

## PARTIES

2.       Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7. Admits that the SUEZ CANAL BRIDGE is an ocean going container ship that carried containers that are the subject of this suit, but except as so specifically admitted, denies the allegations of paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11. Admits that Hanjin is a foreign corporation organized and existing under the laws of a foreign country, that Hanjin operates as an ocean common carrier and that Hanjin has an agency office where alleged, but except as so specifically admitted, denies the allegations of paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION

13.     Hanjin repeats and realleges each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15.     Admits on or about December 2013 at Ho Chi Minh City, sealed container CAIU8743154 was received by the vessel for transport to the Port of New York and then inland to Fishkill, New York pursuant to Hanjin bills of lading HJSCGN336915400, HJSCGN336915401, HJSCGN336915402, HJSCGN336915403, HJSCGN336915404 and HJSCGN336915405 dated December 30, 2013, for freight paid or to be paid, but except as so specifically admitted, denies the allegations of paragraph 16.

16.     Admits on or about December 2013 at the Port of Chittagong, sealed container DRYU9657112 was received by the vessel for transport to the Port of New York pursuant to Hanjin bill of lading HJSCDAC310077300 for freight paid or to be paid, but except as so specifically admitted, denies the allegations of paragraph 16.

17.     Admits that sealed containers DRYU9657112 and CAIU8743154 were lost overboard while the vessel M/V SUEZ CANAL BRIDGE was en route to the U.S., but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18.     Denies the allegations of paragraph 18.

19.     Denies the allegations of paragraph 19.

20.     Denies the allegations of paragraph 20.

21. Denies the allegations of paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

25. Denies the allegations of paragraph 25.

## AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION

26. Hanjin repeats and realleges each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

27. Denies the allegations of paragraph 27.

28. Denies the allegations of paragraph 28.

29. Denies the allegations of paragraph 29.

## AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION

30. Hanjin repeats and realleges each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

31. Denies the allegations of paragraph 31.

32. Denies the allegations of paragraph 32.

33. Denies the allegations of paragraph 33.

## AS AND FOR AFFIRMATIVE DEFENSES:

### FIRST AFFIRMATIVE DEFENSE

34.     The shipments in question is subject to the terms and conditions of the United States Carriage of Goods by Sea Act ("COGSA").

### SECOND AFFIRMATIVE DEFENSE

35.     The shipments in question was subject to all of Hanjin's bill of lading terms, conditions, and defenses.

### THIRD AFFIRMATIVE DEFENSE

36.     Any damage and/or loss to the shipments in question arose or resulted from perils, dangers or accidents of the seas.

### FOURTH AFFIRMATIVE DEFENSE

37.     Any damage and/or loss to the shipments in question was caused by or due to the acts, omissions, fault or neglect of the owners of the shipment, the shipper or receivers and its agents or the nature of the shipments, including insufficiency of packing, inherent vice, or resulted from the acts, omissions, fault or neglect of other persons or entities for which Hanjin is neither responsible nor liable.

### FIFTH AFFIRMATIVE DEFENSE

38.     Hanjin's liability, if any, is limited to $500 per package, or for goods not shipped in packages, $500 per customary freight unit.

### SIXTH AFFIRMATIVE DEFENSE

39.     Any damage and/or loss to the shipments in question arose or resulted from an Act of God.

## SEVENTH AFFIRMATIVE DEFENSE

40. If the Hanjin bill of lading shipper(s)' bill of lading contained a covenant not to sue anyone except the Hanjin bill of lading shipper, then plaintiff's amended complaint against Hanjin should be dismissed.

WHEREFORE, Hanjin prays for:

(a) Judgment dismissing the amended complaint;

(b) An award of all costs including attorneys' fees; and

(c) Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
December 17, 2014

Respectfully submitted,

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendant Hanjin Shipping Co. Ltd.

By:    s/Randolph H. Donatelli
         Randolph H. Donatelli
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042